ALLEN AND STEEN ACCEPTANCE COMPANY *v.* COOK, RECEIVER.

[No. 14,239.   Filed November 26, 1930.   Rehearing denied January 15, 1932.]

*Dix & Dix,* for appellant.

*C. A. Royse,* for appellee.

LOCKYEAR, C. J.—The appellant filed a claim with Tom W. Cook, receiver of Baines Electric Service Company of Terre Haute.

The court found for the appellee on an agreed statement of facts, overruled objections of appellant, to which ruling exceptions were taken by appellant. A motion for a new trial was filed on the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law. The overruling of the motion for a new trial is assigned as error.

The appellant is a corporation organized under the laws of this state to buy and sell accounts, choses in action, contracts and all other evidence of indebtedness. The electric company was engaged in selling electrical appliances at retail on the installment plan on what is known as "conditional sales contracts," wherein the title to the property sold remains in the appellee until the property is fully paid for.

The appellee, for a consideration, assigned a large number of these contracts to the appellant, by the terms of which, the electric company was to retain and collect the payments on said contracts and turn the same over to the appellant. Said electric company collected and failed to pay to the appellant the sum of $4,457.69, and appropriated the same to its own use and benefit.

The electric company became insolvent; the money appropriated was commingled and absorbed in the general assets of the business. A receiver was appointed, and, at the time of his appointment, he could find only $39.37 of cash money belonging to the electric company.

The appellant filed a claim with the receiver for $4,457.69. The court allowed the amount as a general claim, which the appellant assigns as error and insists that it should have been allowed as a preferred claim and paid in full.

If trust money has been invested in specific items of property which go into the hands of the receiver, the cestui que trust may recover it in its converted form, and if the money so collected has been mingled in a common fund, and the trustee has at all times had on hand at least that amount of money, and this fund is turned over to the receiver, then there is a presumption that the money so turned over includes the money of the cestui que trust.

In this case, at the time the receiver was appointed, the bank account was almost exhausted. He did receive a stock of merchandise, furniture, equipment and accounts receivable which he reduced to cash. There is no showing as to what the electric company did with the payments it received except by inference, which is that they were probably used the same as other receipts of the company in the conduct of the business, either to buy goods, pay rent, salaries or other expenses of the business or to pay debts.

Under the facts of this case, the court was justified in finding that the appellant was entitled to have the claim allowed only as a general claim. See the following cases: *Fletcher, etc., Trust Co.* v. *American State Bank* (1925), 196 Ind. 118, 147 N. E. 524; *Windstanley* v. *Second Nat. Bank* (1895), 13 Ind. App. 544, 41 N. E. 956; *Peters* v. *Bain* (1890), 133 U. S. 670, 10 Sup. Ct.

354, 33 L. Ed. 696; *Board of Com'rs* v. *Strawn* (1907), 157 Fed. 49, 54, 15 L. R. A. (N. S.) 1100; *Macy* v. *Rodenbeck* (1915), 227 Fed. 346, L. R. A. 1916C 12.

Judgment affirmed.